UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CMR CONSTRUCTION & ROOFING
LLC, a/a/o George Ohye

    Plaintiff,

v.                                          Case No.:  2:20-cv-33-FtM-38NPM

FEDERAL INSURANCE COMPANY,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Federal Insurance Company's Motion to Dismiss (Doc. 7) and Plaintiff CMR Construction & Roofing, LLC's response (Doc. 19).

CMR brings this breach-of-contract case as the assignee of George Ohye. Hurricane Irma damaged Ohye's property in September 2017.  Ohye timely filed a claim with his insurance provider, Federal.  In June 2019, Ohye assigned to CMR "any and all claims, demands, and cause or causes of action of any kind whatsoever which the undersigned has or may have against Chubb, arising from the following type of claim: Homeowner's claim # 047517041637."   (Doc. 1-1 at 7).  CMR prepared an itemized estimate for the necessary repairs and submitted it to Federal.  Federal agreed to cover the claim, but it has not paid CMR to make the repairs.

CMR sued Federal in state court for breach of the insurance policy it issued to Ohye.  Federal removed the case to this Court and now moves to dismiss, challenging

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

CMR's standing to sue. Because standing is jurisdictional, Federal's Motion falls under Federal Rule of Civil Procedure 12(b)(1). *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). A 12(b)(1) challenge to subject matter jurisdiction can be either facial or factual. *Id.* Federal mounts a facial attack, which "requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction," taking the allegations made in the Complaint as true. *Id.* at 1233.

CMR relies on the assignment from Ohye to establish its standing to bring this suit. Federal argues the assignment does not assign the right CMR seeks to enforce—Ohye's cause of action against Federal. Assignments must be interpreted under the same guidelines as other contracts. *Change Capital Partners Fund I, LLC v. OTI Fiber LLC*, No. 18-25329-CIV-ALTONAGA/McAliley, 2019 WL 5549156, at *3 (S.D. Fla. Oct. 28, 2019). Florida courts interpret clear and unambiguous contracts in accordance with their plain meaning and without considering outside evidence. *Id.* The scope of an assignment may be limited by its own terms. *Id.*

The assignment from Ohye to CMR is clear and unambiguous. In it, Ohye assigned all claims he "has or may have against Chubb." (Doc. 1-1 at 7). According to the plain language of the assignment, Ohye did not assign CMR any claims against Federal. CMR attempts to explain this away as a trivial misnomer caused by the frequency with which the insurance policy mentions The Chubb Corporation and its subsidiaries. But the Court declines to consider the policy for two reasons. First, Federal presents a facial—not factual—challenge to standing, so the Court looks only to the allegations pled in the Complaint. And while CMR attached the assignment to the

Complaint, it did not attach the policy. Second, the Court need not consider extrinsic evidence to interpret the assignment because it is clear and unambiguous.

Because the plain language of the assignment limits its effect to claim against Chubb, it did not assign any claims against Federal. The Complaint thus does not sufficiently allege that CMR has standing to sue Federal, the Court will dismiss it without prejudice and with leave to amend.

Accordingly, it is now

**ORDERED:**

Defendant Federal Insurance Company's Motion to Dismiss (Doc. 7) is **GRANTED**.

(1) CMR Construction & Roofing, LLC's Complaint for Damages (Doc. 5) is **DISMISSED without prejudice**.

(2) CMR may file an amended complaint on or before **March 19, 2020**. **If CMR does not timely file an amended complaint, the Court will close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of March, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record