UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CMR CONSTRUCTION & ROOFING
LLC, a/a/o George Ohye

    Plaintiff,

v.                                        Case No.:  2:20-cv-33-FtM-38NPM

FEDERAL INSURANCE COMPANY,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court are Defendant Federal Insurance Company's Motion to Dismiss Plaintiff's First Amended Complaint for Damages (Doc. 23) and Plaintiff CMR Construction & Roofing LLC's response (Doc. 27).

CMR filed this breach-of-contract case as the assignee of George Ohye to enforce Ohye's rights under an insurance policy he bought from Federal.  The Court dismissed CMR's original complaint because it did not show that CMR had standing.  CMR's right to sue Federal is based on an Assignment of Benefits.  In it, Ohye assigned to CMR "any and all claims, demands, and cause or causes of action of any kind whatsoever which the undersigned has or may have against Chubb, arising from the following type of claim: Homeowner's claim # 047517041637."  (Doc. 1-1 at 7).  The original complaint did nothing to explain why Ohye's assignment of his claims against Chubb gave CMR standing to sue Federal, so Federal's facial attack on CMR's standing succeeded.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

In its amended complaint, CMR alleges that Chubb "is the marketing name used to refer to the insurance subsidiaries of The Chubb Corporation," including Federal. CMR also alleges that Federal assigned claim number 047517041634 to Ohye's loss. CMR supplemented these allegations with new exhibits: the policy and two letters relating to Ohye's claim. Despite the new allegations, Federal renews its facial attack on CMR's standing under Federal Rule of Civil Procedure 12(b)(1). Thus, the Court must take CMR's allegations as true and decide whether CMR has sufficiently alleged a basis for standing. See *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

"Florida law provides that post-loss insurance claims are freely assignable without the consent of the insurer, and the intent of the parties determines the existence of an assignment." *Frank A. Baker, P.A. v. Fed. Deposit Ins. Corp.*, No. 3:12-CV-228/MCR/CJK, 2013 WL 12097448, at *7 (N.D. Fla. Mar. 13, 2013) (internal citations omitted). So the question here is whether CMR sufficiently alleged that Ohye intended to assign his insurance claim against Federal. The Court finds that CMR carried its burden in the amended complaint. Two newly alleged facts make the difference. First, the assignment's use of "Chubb" refers to a family of companies that includes Federal. And second, Federal generated the claim number used in the assignment to identity the claim CMR asserts here.[2]

Accordingly, it is now

**ORDERED:**

---

[2] Neither party mentioned that the claim number in the assignment is off by one digit, so the Court assumes it was a scrivener's error.

Defendant Federal Insurance Company's Motion to Dismiss Plaintiff's First Amended Complaint for Damages (Doc. 23) is **DENIED**. Federal must file an answer on or before **April 21, 2020**.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of April, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record